## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>LOUIS L. BEHRENDT,<br>SSN: xxx-xx-7435,<br>GINA R. ANTONIO,<br>SSN: xxx-xx-8519,<br><br>      Debtors. | Case No. 23-10074-JGR<br>Chapter 7 |
| DIANA GONZALEZ,<br><br>      Plaintiff,<br>v.<br><br>LOUIS L. BEHRENDT,<br>GINA R. ANTONIO,<br><br>      Defendants. | Adv. Pro. No. 23-01090-JGR |

## ORDER GRANTING DEFENDANT ANTONIO'S
## MOTION FOR SUMMARY JUDGMENT

On March 25, 2025, Defendant Gina R. Antonio ("Antonio") filed her Motion for Summary Judgment ("Motion") against Plaintiff Diana Gonzalez ("Gonzalez") (Doc. 72). Gonzalez filed her response to the Motion on May 7, 2025 ("Response") (Doc. 90). No reply was filed.

### INTRODUCTION

Gonzalez filed this adversary proceeding objecting to the discharge of claims asserted against Louis L. Behrendt ("Berhrendt") and his wife, Antonio. The adversary proceeding was filed on April 7, 2023. On the same day, a related adversary proceeding was filed by her son, Apolo Sevilla ("Sevilla"), Adv. Pro. No. 23-01091-JGR also contesting the discharge of debts he asserts against Behrendt and Antonio.

The forty-one-page complaint includes seven claims for relief.

The first two claims for relief are brought to establish liability. The first claim is brought against Behrendt and Antonio seeking the avoidance of alleged fraudulent transfers under the Colorado Uniform Fraudulent Transfer Act. The second claim for relief is brought against Behrendt for civil conspiracy. The fourth claim for relief is brought

against Behrendt seeking to pierce the corporate veil and hold Behrendt liable for the amount of the default judgment entered against SC Equity.

Claims three and five through seven address the dischargeability of the claims under various subsections of 11 U.S.C. § 523(a) and are predicated upon a finding of liability under claims one, two, and four.

Relying on *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023), Gonzalez seeks to impute the alleged fraudulent conduct of Behrendt excepting her claim from discharge under 11 U.S.C. § 523(a)(2)(A) as to Antonio.

On March 25, 2025, Behrendt filed a separate Motion for Summary Judgment against Gonzalez (Doc. 71).  On September 26, 2025, the Court entered an Order Granting Defendant Behrendt's Motion for Summary Judgment (Doc. 91) ("Order") which is fully incorporated by reference herein.

The Court has subject matter jurisdiction over the dischargeability claims brought in this adversary proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(1), and (b)(2)(I).

## UNDISPUTED BACKGROUND FACTS

In addition to the undisputed background facts set forth in the Order, during the relevant time period, Antonio worked for Amazon, first on the loading docks moving packages onto trucks, and later in the human resources department. Prior to that, she was a nanny (Undisputed Facts).

Antonio has never been a member or employee of SC Equity, RedCorp, or any other related entities involved in Behrendt's and Sevilla's real estate projects, did not want to be involved in Behrendt's business dealings, and while she occasionally filed receipts submitted by RedCorp's employees, she did not receive a salary (Undisputed Facts).

Antonio maintained her own individual checking account and savings account generally paid a share of family expenses.  She did not have access to Behrendt's accounts (Undisputed Facts).

Antonio did not discuss the FirstBank Loan with Sevilla or Gonzalez, either before or after they signed as guarantors (Undisputed Facts).

## STANDARDS FOR SUMMARY JUDGMENT

The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Bankr.P 7056, incorporating Fed.R.Civ.P. 56.  The burden is on the moving party to make a prima facie case showing an absence of material fact and entitlement to judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1291 (10th Cir. 1991).  In applying the summary judgment standard, the Court must examine the

factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).

## ANALYSIS

### Liability on the Alleged Debt

For the reasons set forth in the Order, Gonzalez cannot establish conduct under Colorado Uniform Fraudulent Transfer Act demonstrating actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

Antonio is entitled to judgment as matter of law.

### Dischargeability Under 11 U.S.C. § 523(a)

The burden of proof for claims under 11 U.S.C. §523 is a preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). However, exceptions to discharge are narrowly construed. In furtherance of the fresh start objective of bankruptcy, doubts are resolved in favor of debtors. *Belkco First Federal Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir. 1997).

The Order granted summary judgment in favor of Behrendt on each of the dischargeabily claims brought under 11 U.S.C. § 523(a)(2)(A), (4), (6), (14) and (14A). For the same reasons, Antonio is entitled to judgment as a matter of law.

In addition, the reliance on *Bartenwerfer* to impute Behrendt's alleged fraudulent conduct under 11 U.S.C. § 523(a)(2)(A) to Antonio, even in the absence of wrongdoing on her part, is misplaced. Gonzalez failed to allege Behrendt and Antonio formed an agency, partnership or business relationship beyond that of a marital relationship. *See*, In re Bolling, 600 B.R. 838, 848-49 (Bankr. D. Colo. 2019).

## CONCLUSION

For the reasons stated above, Antonio is entitled to judgment as a matter of law. Accordingly, the Motion for Summary Judgment is hereby GRANTED and the within adversary proceeding is dismissed with prejudice, each party to bear its own costs and attorney's fees.

Dated this 26th day of September, 2025.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge